**CULINARY ALLIANCE & BARTENDERS UNION, LOCAL 703, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 72–2155.

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1973.

Rehearing Denied Jan. 23, 1974.

---

Herbert M. Ansell (argued), Ansell & Ansell, Los Angeles, Cal., for petitioner.

Abigail Baskir (argued), Asst. Gen. Counsel, Washington, D. C., Abraham Siegel, Director, Region 31, NLRB, Los Angeles, Cal., for respondent.

Before BARNES, TRASK, and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

Culinary Alliance & Bartenders Union, Local 703, AFL–CIO, petitions for review of the order of the National Labor Relations Board which denied the union's request for compensatory damages while granting other relief from an employer found guilty of an unfair labor practice.

Without deciding whether or to what extent the Board may have the power to grant compensatory damages for an employer's refusal to bargain, we find that damages would be inappropriate in this case, and deny the union's petition to remand. The Board decision is reported in San Luis Obispo County & Northern Santa Barbara County Restaurant & Tavern Ass'n, 196 N.L.R.B. No. 155, 80 L.R.R.M. 1584 (1972).

The union and the above-named association, a group of employers existing for the purpose, among others, of bargaining with labor organizations, have been parties to collective-bargaining agreements since at least 1965. During the 1971 contract negotiations, the employers' association hired E. J. Gund and Associates, a labor-consultation firm which enjoyed a reputation for success in bringing about nonunion conditions in establishments formerly unionized. Through the machinations of Gund and Associates, negotiations with the union were effectively brought to a standstill, and employees circulated petitions repudiating the union.

The regional director eventually dismissed the association's petition for an election, noting that the union had filed a complaint and that a notice of hearing had been issued alleging violations of § 8(a)(1) and (5) of the Labor-Management Relations Act, 29 U.S.C. § 158(a)(1) and (5). The trial examiner entered his intermediate report on January 28, 1972, recommending a decision finding that the association had engaged in unfair labor practices and an order requiring it to bargain collectively. The examiner refused, however, to grant the union's request for monetary relief.

The union argued that unless the unit employees are compensated for wage increases and fringe benefits which arguably they would have obtained through collective bargaining but lost through the association's refusal to bargain in good faith, no effective remedy can be had.

The Board affirmed the rulings, findings and conclusions of law of the trial examiner, and specifically adopted his recommended order requiring the association to bargain collectively with the union on request. The Board did not comment on the examiner's denial of the union's request for monetary relief. San Luis Obispo County & Northern Santa Barbara County Restaurant & Tavern Ass'n, *supra*.

In petitioning this court to review that portion of the Board's order which denied the additional relief sought by the union, the union recognizes that there is no precedent in this circuit for such supplemental relief.

The first and leading case for the proposition that the Board has the pow-

er to award compensatory damages in employer-refusal-to-bargain cases is International Union of Elec. Workers v. NLRB [Tiidee Products], 138 U.S.App. D.C. 249, 426 F.2d 1243, cert. denied, 400 U.S. 950, 91 S.Ct. 239, 27 L.Ed.2d 256 (1970). There, the Court of Appeals for the District of Columbia Circuit found that in a case where the company's refusal to bargain was a "clear and flagrant violation of the law," 426 F.2d at 1248, the Board's use of its traditional remedy—a cease-and-desist order—did not adequately effectuate the policies of the Act since it improperly rewarded the company for its intransigence. The court remanded the case to the Board for further consideration of an award that would include meaningful make-whole relief to the union.

The rule announced in *Tiidee Products* has been followed in a growing line of decisions by the District of Columbia Circuit (*see, e. g.,* UAW v. NLRB [Ex-Cell-O Corp.], 145 U.S.App.D.C. 384, 449 F.2d 1046, 1048–1050 (1971) ), and has received a good deal of support from law review commentators. *See, e. g.,* Note, NLRB Power to Award Damages in Unfair Labor Practice Cases, 84 Harv.L. Rev. 1670 (1971). Nonetheless, the Board remains unconvinced that it possesses the statutory authority to grant a make-whole remedy for loss of collective-bargaining benefits. *See* J. P. Stevens & Co., 205 N.L.R.B. No. 169, 84 L. R.R.M. 1092, 1093 (Aug. 27, 1973). Moreover, no other circuit has yet endorsed the position taken by the District of Columbia Circuit.

In this case we need not decide whether the Board has the power to grant compensatory damages for refusal to bargain, because we agree with the finding of the trial examiner, affirmed by the Board, that the association's misconduct was not so egregious as to justify the imposition of such an unusual remedy. The District of Columbia Circuit itself has created exceptions to its *Tiidee Products* rule in cases where the legality of an employer's refusal to bargain rested on a factually debatable question and where the employer was not engaged in litigation to delay final resolution of the dispute. *See, e. g.,* Retail Clerks Union, Local 1401 v. NLRB [Zinke's Foods], 149 U.S.App.D.C. 370, 463 F.2d 316, 325 (1972); Southwest Regional Joint Board, Amalgamated Clothing Workers v. NLRB [Levi Strauss & Co.], 142 U. S.App.D.C. 337, 441 F.2d 1027, 1035–1036 (1970); United Steelworkers of America v. NLRB [Quality Rubber Mfg. Co.], 139 U.S.App.D.C. 146, 430 F.2d 519, 520–522 (1970).

Here, the Board found that, while the association did not entertain a good-faith doubt of the union's majority status on the date it withdrew recognition, the association's initial impression of widespread employee dissatisfaction was borne out when approximately 94 of the 304 employees wrote letters and signed petitions disavowing the union. Under these circumstances, the Board properly could find that the association's refusal to bargain was not a "clear and flagrant violation of the law." *Tiidee Products,* 426 F.2d at 1248. Moreover, we note that the association has complied voluntarily with the Board's order; the Board was not required to seek enforcement from this court.

Hence, we affirm the conclusion of the Board that the facts of this case do not call for a compensatory-damages remedy, but we reserve the question whether the Board has the power to award such a remedy for the case in which make-whole relief would be appropriate. *See* Lipman Motors, Inc. v. NLRB, 451 F.2d 823, 828–829 (2d Cir. 1971); Herald Co. v. NLRB, 444 F.2d 430, 436–437 (2d Cir.), cert. denied, 404 U.S. 990, 92 S.Ct. 532, 30 L.Ed.2d 541 (1971).

The petition to remand is denied.